IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JERRY LEE MASKE** | § | |
| | § | |
| **V.** | § | A-13-CV-697-SS |
| | § | |
| **UNIVERSITY OF PHOENIX** | § | |
| | § | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

Before the Court is Jerry Lee Maske's ("Maske") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Maske's Financial Affidavit in support of his *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Maske *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Maske is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Maske's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Maske has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.     Factual Allegations and Claims**

Maske asserts that he was enrolled in an online doctoral degree program at the University of Phoenix. The degree, Doctor of Management in Organizational Leadership, was an online degree program that required Maske to complete three "residency classes." Maske complains that the professor for his final residency class, Dr. Leona Lobell, failed him because of his disability. He states that after he complained about this disability discrimination, he was placed on scholastic suspension, and that he withdrew from the University. He also complains that the University did not offer him "alternate assessability [sic] arrangements" for the residency classes, and that his accommodation with the University was for online classes. Maske asserts that he has his thesis written and that he was only 15 credits from completion of his degree program. He requests relief in the form of his diploma.

**B.     Analysis**

The standard for determining whether a complaint fails to state a claim under § 1915(e) is identical to the legal standard used when ruling on FED. R. CIV. P. 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in dismissing for failure to state a claim under § 1915(e)(2)(B)). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."

*Id.* at 1949. Maske has failed to allege facts sufficient to establish that he is in fact disabled, and that he was denied an accomodation for that disability by the University of Phoenix.

Maske files the instant complaint pursuant to Tile III of the Americans with Disabilities Act, 42 U.S.C. § 12182(a) *et seq*. Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, service, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To assert a viable claim under Title III, Plaintiff must plead facts to allege that: (1) he has a disability within the meaning of the Act; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Griffin v. Public Access Comm. Television*, 2010 WL 3815797, at *1 (W.D. Tex. Sept. 27, 2010) (citing 42 U.S.C. § 12182(a)).

Although Plaintiff summarily states that he is disabled, he does not identify his disability and pleads no facts linking his alleged disability to any lack of accommodation by the University of Phoenix. In fact, he pleads that the University accommodated his disability by allowing him to take online classes. His pleading also makes it clear that despite his alleged disability, the University's accommodations allowed him to complete two of the three residency classes required by his program. What is apparent from the pleading is that the problem Maske is complaining about is specific to the course he took from Dr. Leona Lobell and whatever actions she—not the University—took, and more particularly, is about the grade he received for that class. That is not a dispute which states a claim under Title III of the ADA, and is an academic dispute that Plaintiff needs to pursue with the University and Dr. Lobell, thorugh whatever process the University has

developed for such problems. Other than the "labels and conclusions" Plaintiff has pled, the complaint is devoid of any facts that would "raise [his] right to relief above a speculative level," and therefore fails to state a claim for which relief may be granted under the Americans with Disabilities Act. Pursuant to 28. U.S.C. § 1915(e)(2)(B)(ii), the suit should be dismissed.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Maske *in forma pauperis* status (Dkt. No. 1). Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant. Further, the undersigned **RECOMMENDS** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court **DISMISS** this case **WITHOUT PREJUDICE**.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE